# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WHITE KNIGHT DINER, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-02406 JAR |
| | ) | |
| ARBITRATION FORUMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This putative class action is brought on behalf of various Missouri insureds, for damages incurred as a result of the alleged misconduct of their respective insurance companies, and the insurance companies for unnamed third-party tortfeasors, in connection with an arbitration services company. The action was originally filed on July 27, 2017 in the Circuit Court of the City of St. Louis, State of Missouri, entitled White Knight Diner, LLC, et al. v. Arbitration Forums, Inc., et al., Case No. 1722-CC10901. On September 14, 2017, Defendant State Farm Mutual Automobile Insurance Company ("State Farm Auto") and State Farm Fire and Casualty Company ("State Farm Fire") removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d). (Doc. No. 1). On September 15, 2017, co-defendants Acuity and Owners removed the identical state court case on the basis of diversity and CAFA, resulting in a separate case being opened, Case No. 4:17-CV-02416 RLW. Acuity and Owners move for an order consolidating Case No. 4:17-CV-02416 RLW into a single case number, Case No. 4:17-CV-02406 JAR, and directing that all future filings be made in Case No. 4:17-CV-02406 JAR (Doc. No. 17). Plaintiffs have not opposed the motion.

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate actions if those actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). The decision whether to consolidate is committed to the court's discretion. Disher v. Citigroup Global Markets, Inc., 487 F. Supp. 2d 1009, 1013 (S.D. Ill. 2007). In exercising that discretion, courts consider factors such as the similarity of questions of law and fact, the goals of judicial efficiency and avoidance of inconsistent verdicts and whether consolidation will delay the proceedings. Id. The matters before the Court clearly present common questions of fact and law since Case No. 4:17-CV-02416 RLW and Case No. 4:17-CV-02406 JAR are identical, created by successive timely removals of the same state court action. Thus, consolidation is warranted under Rule 42(a) and the motion to consolidate will be granted.

On September 15, 2017, Defendant Acuity filed a motion to dismiss (Doc. No. 12); Defendant State Farm filed a motion to dismiss on September 19, 2017 (Doc. No. 19); Defendant Owners filed a motion to dismiss on September 21, 2017 (Doc. No. 21); and Defendant Arbitration Forums filed a motion to dismiss on October 6, 2017 (Doc. No. 28). To date, Plaintiffs have not responded to Defendants' motions, or moved for an extension of time to respond. On October 11, 2017, Plaintiffs filed a motion to stay the Court's ruling on the motions to dismiss pending resolution of its motion to remand, also filed on October 11, 2017 (Doc. Nos. 32, 34). Acuity, Owners and State Farm oppose the motion to stay (Doc. Nos. 39, 40, 42).

Plaintiffs move to remand the case on the ground that it falls under the "local controversy" exception to federal jurisdiction set forth in CAFA[1]. One of the exhibits to

---

[1] Under the local-controversy exception, a district court must decline to exercise jurisdiction over a class action in which more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, at least one defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of the state in which the class action was originally filed, the principal injuries were incurred in the state in which the action was filed, and no other class

2

Plaintiffs' motion to remand is a notice of deposition directed to Defendant AAA, the only Missouri defendant, listing several proposed topics of examination, to be held on October 24, 2017. Deposition topics include Defendant AAA's subrogation practices and relationship to Defendant Arbitration Forums. Plaintiffs assert that the deposition testimony of Defendant AAA will be offered in support of their motion to remand. Defendant Acuity moves to quash the notice of deposition as improper (Doc. No. 44). Because Plaintiffs' attempt to seek discovery from Defendant AAA is premature and in violation of Rule 26, which governs the timing and sequence of discovery, and because the Court has not otherwise granted Plaintiffs leave to take AAA's deposition, Acuity's motion to quash the notice of deposition will be granted.

In accordance with the rulings herein,

**IT IS HEREBY ORDERED** that Defendants Acuity Insurance Company and Owners Insurance Company's Motion to Consolidate [17] is **GRANTED** and <u>White Knight Diner, LLC, et al. v. Arbitration Forums, Inc., et al.</u>, Case No. 4:17-CV-02416 RLW is consolidated with Case No. 4:17-CV-02406 JAR for all purposes.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall take all necessary steps to administratively close Case No. 4:17-CV-02416 RLW.

**IT IS FURTHER ORDERED** that Defendant Acuity's Expedited Motion to Quash Notice of Deposition of Automobile Club Inter-Insurance Exchange [44] is **GRANTED.**

**IT IS FINALLY ORDERED** that Plaintiffs shall file a response to Defendants' Memoranda in Opposition to Plaintiffs' Request for Stay of Defendants' Motions to Dismiss Pending Remand (Doc. Nos. 39, 40, 42) **by 5:00 p.m. on Monday, October 23, 2017**.

---

action alleging similar facts was filed in the three years prior to the commencement of the current class action. 28 U.S.C. § 1332(d)(4)(A). <u>Westerfeld v. Indep. Processing, LLC</u>, 621 F.3d 819, 822 (8th Cir. 2010).

Dated this 18th day of October, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**